UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JESSIE BRANTLEY,

                Petitioner,             Case Number: 02-10024-BC
                                        Honorable David M. Lawson

v.

KEN McKEE,

                Respondent.
_____/

## ORDER DENYING APPLICATION FOR CERTIFICATE OF APPEALABILITY AND GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS ON APPEAL

The Court denied Jessie Brantley's petition for a writ of habeas corpus on April 4, 2006. The petitioner has filed a motion for a certificate of appealability and an application to proceed *in forma pauperis* on appeal.

I.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997). To receive a certificate of appealability, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotes and citations omitted).

A.

The petitioner first claims that insufficient evidence was presented at trial to support the element of premeditation and deliberation in first-degree murder. He argues that he shot the victim in a struggle over a gun and that there was no evidence of a premeditated plan to murder the victim.

Upon review of the petition, the Court concluded that sufficient evidence of the petitioner's guilt was presented to the jury. The petitioner left the porch after a confrontation between his friend and the victim. The evidence presented at trial suggested that the petitioner then went to his car, opened the trunk, and took out a loaded 12-gauge shotgun. Armed with the shotgun, the petitioner crossed the street and approached the house, pushed his friend aside, and forced his way into the enclosed porch after touching the gun barrel to the homeowner's chest and threatening to shoot her if she did not get out of the way. The trial evidence allowed the jury to conclude that the petitioner confronted and shot the unarmed victim first in the lower legs from a distance of about four to eight feet, then placed the barrel of his shotgun against the victim's jaw and killed him with a second blast to the face and neck.

Viewed in the light most favorable to the prosecution, the evidence showed that the petitioner had ample time to subject his actions to a "second look" between leaving the porch and returning to the house with the gun. He also had time to deliberate his decision to fire the second blast into the victim's face. *See People v. Morrin*, 31 Mich. App. 301, 328-30, 187 N.W.2d 434, 449 (1971) (cited with approval in *People v. Gonzalez*, 468 Mich. 636, 641, 664 N.W.2d 159, 163 (2003)) (explaining that "the interval between initial thought and ultimate action should be long enough to afford a reasonable man time to subject the nature of his response to a 'second look'"). Although the petitioner argued that the shooting was an accident, the jury was free to disbelieve the

-2-

petitioner's testimony and believe the evidence presented by the prosecutor that the petitioner intentionally retrieved the gun, approached the victim, aimed and fired at the victim's legs and then placed the gun against his head and fired the fatal shot.

Accordingly, the state court of appeals' decision denying the petitioner's sufficiency of the evidence claim was a reasonable application of federal constitutional law and a reasonable application of the law to the facts as presented to the court. The petitioner has not made a substantial showing of the denial of a constitutional right concerning this claim and he has not satisfied the standard for issuance of a certificate of appealability.

B.

The petitioner next contends that he was denied a fair trial because the prosecutor called him a "liar" and stated that his story was a "lie." The Court concluded that the claim was without merit. A prosecutor may not "express a personal belief or opinion in the truth or falsity of any testimony." *United States v. Collins*, 78 F.3d 1021 (6th Cir. 1996). However, because the petitioner testified in his own defense, the prosecutor was entitled to argue that the petitioner's testimony was not credible while emphasizing discrepancies in the evidence. *See United States v. Francis*, 170 F.3d 546, 551 (6th Cir. 1999).

The Court found that the prosecutor's remarks were proper in the context of his extensive argument that the petitioner's testimony did not align with the testimony of other witnesses or the physical evidence. The prosecutor made comments about the petitioner's veracity in order to show disparities between his testimony and the other evidence introduced at trial. Therefore, the petitioner was not deprived of due process as a result of the prosecutor's remarks and jurists of reason would not agree that this issue deserves encouragement to proceed further.

C.

Finally, the petitioner contends that he was denied a fair trial when the trial judge did not instruct the jury on involuntary manslaughter involving gross negligence. The petitioner argues that an instruction on involuntary manslaughter for gross negligence would have been more consistent with his trial testimony. Although the petitioner has the right to "a meaningful opportunity to present a complete defense," *California v. Trombetta*, 467 U.S. 479, 485 (1984), he did not have an express constitutional right to a jury instruction on a lesser-included offense. The Supreme Court has declined to decide whether the Due Process Clause requires state courts to give jury instructions on lesser-included offenses in non-capital cases. *Beck v. Alabama*, 447 U.S. 625, 638 n.14 (1980). The United States Court of Appeals for the Sixth Circuit has interpreted *Beck* to mean that "the Constitution does not require a lesser-included offense instruction in non-capital cases." *Campbell v. Coyle*, 260 F.3d 531, 541 (6th Cir. 2001) (citing *Bagby v. Sowders*, 894 F.2d 792, 795-97 (6th Cir. 1990) (en banc)); *see also Scott v. Elo*, 302 F.3d 598, 606 (6th Cir. 2002).

Furthermore, the petitioner's jury was instructed on a number of lesser-included offenses, in particular second-degree murder, voluntary manslaughter, and involuntary manslaughter-firearm intentionally aimed. The jury determined that the petitioner had committed first-degree murder, which means that the jury found that the petitioner killed the victim intentionally with premeditation and deliberation. Consequently, had the involuntary manslaughter-gross negligence instruction been given, it is unlikely that the petitioner would have been convicted of this lesser crime.

The Court concludes that reasonable jurists would not disagree with the Court's resolution of this issue, nor does this issue deserve encouragement to proceed further.

-4-

II.

Before the Court is the petitioner's application to proceed *in forma pauperis* on appeal. The docket indicates that the petitioner paid the $5 filing fee when he filed his petition in this Court. *See* 28 U.S.C. § 1914. Thus, the petitioner is not automatically authorized to appeal *in forma pauperis* under Federal Rule of Appellate Procedure 24(a)(3) and must show that he qualifies for such status.

This Court may authorize the prosecution of any appeal without the prepayment of fees by a prisoner who shows that he is unable to pay such fees. Fed. R. App. P. 24(a); *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997). The petitioner has submitted information regarding the funds available to him and the Court is satisfied that he is unable to pay the fee. The petitioner's request will therefore be granted.

III.

Accordingly, it is **ORDERED** that the motion for a certificate of appealability [dkt #16] is **DENIED** with respect to the petitioner's claims.

It is further **ORDERED** that the petitioner's motion to proceed *in forma pauperis* on appeal [dkt #15] is **GRANTED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: July 21, 2006

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 21, 2006.

s/Tracy A. Jacobs
TRACY A. JACOBS

---